UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　Plaintiff,<br>　　vs.<br>**ENRIQUE CHAVEZ,**<br>　　　　Defendant. | CASE NO. 4:22-cr-104-YGR<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. No. 52 |

Pending before this Court is defendant Enrique Chavez's motion to reduce his sentence based upon the retroactivity of Amendment 821 to the United States Sentencing Guidelines ("the Guidelines"). The amendment is specific in the relief it affords and limits exist. *See* 18 U.S.C. 3582(c)(2) and USSG § 4C1.1. However, in general, the Court may consider requests under two Parts. Part B, found at USSG § 4C1.1, relates to so-called "zero-point offenders."

When an amendment to the Guidelines is made retroactive, the Court engages in a two-step inquiry: first, it determines what "amended guideline range would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States,* 560 U.S. 817, 827 (2010) (internal cites omitted). Next, the Court considers "any applicable § 3553(a) factors." *Id.*

Under Part B, the Court may reduce an offender's Guidelines level by two where all the following criteria apply to the defendant:
1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under §3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8. the instant offense of conviction is not covered by §2H1.1 (Offenses Involving

Individual Rights);
9. the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
10. the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* USSG § 4C1.1.

As both Mr. Chavez and the government note, the current definition of "sex offender" for purposes of § 4C1.1 is a narrow one. Because that definition only applies to a small subset of crimes against minors, it does not apply to the crimes to which Mr. Chavez pled guilty. Thus, all enumerated criteria do apply to Mr. Chavez and he is eligible for a Guidelines level reduction of two.

Turning to the § 3553(a) factors, the Court finds that a sentencing reduction is not warranted. For the same reasons considered at Mr. Chavez's original sentencing, the Court finds that the need for a sentence which "reflect[s] the seriousness of the offense, provide[s] just punishment for the offense[,…and] afford[s] adequate deterrence to criminal conduct" does not merit a sentence reduction. 18 U.S.C. § 3553(a). As recounted in the government's sentencing memorandum, the Court considered the totality of the circumstances and outlined the egregiousness of the defendant's conduct which warranted the sentence imposed. In fact, new proposed amendments reflect the tension with the amendments at issue here.

That the defendant's father is sick is unfortunate. Other adults in custody at FCI Dublin suffered in the same way, yet so many of them had to suffer at the hands of defendant and others in addition to those personal struggles. The defendant's situation does not warrant a decrease in his sentence. Mr. Chavez's motion is **DENIED**.

This Order terminates Docket No. 52.

**IT IS SO ORDERED.**

Dated: July 2, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**